IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEX J. MILTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-0182 |
| | § | |
| HARRIS COUNTY JAIL, | § | |
| | § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

Petitioner, a pretrial detainee in custody of the Harris County Sheriff's Office, filed a section 1983 complaint seeking dismissal of his pending Harris County criminal charges. Because petitioner seeks relief sounding in habeas, not civil rights, the Court construes his pleading as a section 2241 habeas petition and DISMISSES the lawsuit for the reasons shown below.

### *Background and Claims*

Petitioner claims in his lawsuit that he was involved in an altercation at the jail on January 2, 2019, and charged with striking one of the guards four times during the incident. Petitioner appears to disagree with the charges, and asks that the charges be dismissed.

Public court records show that, on January 3, 2019, petitioner was charged with the felony offense of assaulting a public servant during the incident. The charges remain

pending before the 177th Judicial District Court of Harris County, Texas, in case number 1616849.

## *Analysis*

The Court's consideration of petitioner's habeas claims is barred under the *Younger* abstention doctrine. In *Younger v. Harris*, 401 U.S. 37, 43–44 (1971), the Supreme Court held that principles of comity and federalism require federal courts to avoid interference with ongoing state proceedings if the state court provides an adequate forum to present federal constitutional challenges. *Younger* abstention is required when, absent special or exceptional circumstances, there is: (1) an ongoing state judicial proceeding, (2) that implicates important state interests, and (3) offers adequate opportunity to raise constitutional challenges. *Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The prerequisites for abstention under *Younger* are met in the instant case, and petitioner has failed to show any special or exceptional circumstances warranting this Court's interference. Consequently, the Court must abstain from interfering with petitioner's pending state criminal proceedings, and this lawsuit must be dismissed.

*Conclusion*

This section 2241 habeas lawsuit is DISMISSED WITHOUT PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on January 22, 2019.

_____
Gray H. Miller
Senior United States District Judge